UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-0383-ODW (AGR) | Date | November 16, 2016 |
|---|---|---|---|
| Title | Lacey Scott v. Richard B. Ives, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   In Chambers: **ORDER TO SHOW CAUSE**

On March 2, 2016, the pro se, *in forma pauperis* prisoner-plaintiff filed a civil rights complaint alleging, among other things, that his prison's Assistant Warden, Parent, deliberately interfered with his medical need for special dark glasses. On June 8, 2016, the Court directed the U.S. Marshal to attempt to serve process on Parent.

One July 12, 2016, a Marshal employee was advised by the federal Bureau of Prisons that Defendant Parent could not be served with process in the ordinary course because Parent "has retired. No forwarding information has been provided." (*See* Dkt. Nos. 14, 15.)

On September 8, 2016, the Court directed the Marshal to attempt service on another defendant, Warden David Shinn, whom Plaintiff sues in his official capacity. (Dkt. No. 17.) Warden Shinn has been served (*see* Dkt. No. 21) and, on October 31, 2016, filed a pending motion to dismiss the action. (Dkt. No. 23.) But it is the Marshal's inability to locate and serve process on Parent that prompts this order.

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *accord, Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker*, 14 F.3d at 1421-22 (holding that prisoner failed to show cause why his claims against prison official should not be dismissed under Rule 4(m) when prisoner failed to show "he provided the marshal with sufficient information to serve [the defendant]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-0383-ODW (AGR) | Date | November 16, 2016 |
|---|---|---|---|
| Title | Lacey Scott v. Richard B. Ives, et al. | | |

Plaintiff may be able to obtain further information by propounding discovery, such as interrogatories and/or a request for documents to the already-served defendant, Shinn, sued in his official capacity, to obtain further information needed to learn Parent's location for purposes of service.  *See* Fed. R. Civ. P. 33, 34.

Plaintiff's 90-day period for accomplishing service of process began to run when his complaint was filed on June 21, 2016 and expired after September 21, 2016.  Fed. R. Civ. P. 4(m).  The deadline may be extended for "good cause."  *Id*.

IT IS ORDERED that Plaintiff show cause in writing, **on or before December 16, 2016,** why Parent should not be dismissed from this action without prejudice pursuant to Rule 4(m). Plaintiff should provide all information he has about Parent so that he can be served with process.  If Plaintiff does not have additional information, Plaintiff may promptly serve upon Shinn requests for documents or other discovery to ascertain Parent's location for service.

Initials of Preparer     mp